UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| LLOYD SATERFIELD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-560-JPG-GCS |
| | ) |
| DR. RITZ, and | ) |
| DR. SMITH, | ) |
| | ) |
| Defendants. | |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

In March 2018, Plaintiff Lloyd Saterfield filed suit alleging that Defendants were deliberately indifferent to his chronic lower back pain and related medical issues. On June 1, 2018, Saterfield filed a motion for appointment of expert witnesses (Doc. 30). According to the motion, appointment of a neurologist and a spine expert is necessary pursuant to Federal Rule of Evidence 706(a) because this case involves complex medical language and information. Magistrate Judge Wilkerson denied the motion on June 12, 2018, finding that Federal Rule of Civil Procedure 35 does not authorize the Court to appoint a medical expert, at Saterfield's request, to perform an examination and that Rule 706 was not the basis of Saterfield's request. To the extent that it was the basis for the request, Judge Wilkerson noted that Saterfield's chronic back pain does not require an expert opinion because it can be easily understood by a layperson.

Now before the Court is a June 18, 2018 motion for reconsideration of Judge Wilkerson's order. (Doc. 40). Saterfield argues that a physical examination is necessary under Rule 35 because his medical condition is disputed. He also argues that a layperson cannot understand the meaning or severity of certain medical terms related to his chronic back pain and that an expert should be appointed to assist him pursuant to Rule 706.

Federal Rule of Civil Procedure 35 authorizes a party to request a physical examination of another party if that second party's physical condition has been placed in controversy. It is a discovery tool, but it is not designed to grant Saterfield the relief he seeks, *i.e.*, an expert witness to examine him. Similarly, Federal Rule of Evidence 706 allows appointment of a neutral expert witness if it is necessary to help the trier-of-fact to understand complex information – not to represent the interest of one party. *See Kennedy v. Huibregtse*, 831 F.3d 441, 443 (7th Cir. 2016); *Ledford v. Sullivan*, 105 F.3d 354, 358-359 (7th Cir. 1997).

Saterfield alleges that Defendants Ritz and Smith were deliberately indifferent to his serious medical need because they were responsible for denying requests for further testing and treatment of his chronic lower back pain that were submitted by his treating physicians. Prison officials act with deliberate indifference when they know of and disregard an excessive risk to an inmate's health by being aware of facts from which an inference could be drawn that a substantial risk of serious harm exists. *See Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

At this stage, there is no basis on which to conclude that a layperson or any trier-of-fact would require expert testimony to understand whether Saterfield's medical condition is serious or whether Defendants were deliberately indifferent to it. In large part, this case hinges on whether Defendants' refusal to follow the treating physicians' recommendations rises to the level of deliberate indifference. The anticipated testimony related to that question will be comprehensible to a layperson. *See Gil v. Reed*, 381 F.3d 649, 659 (7th Cir. 2004); *Ledford*, 105 F.3d at 359-360. Should the discovery conducted in this case develop a factual record that will not be comprehensible to laypeople, the Court may appoint a neutral expert in the future.

For the above-stated reasons, Plaintiff Lloyd Saterfield's motion to reconsider (Doc. 40) is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 18, 2019.

_____
GILBERT C. SISON
United States Magistrate Judge