UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LLOYD SATERFIELD,

    Plaintiff,

    v.

JOHN R. BALDWIN, JACQUELINE
LASHBROOK, WEXFORD HEALTH
SOURCES, INC., STEPHEN RITZ, ROBERT
SMITH, and MOHAMMED SIDDIQUI,

    Defendants.

Case No. 18-cv-560-JPG-GCS

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 124) of Magistrate Judge Gilbert C. Sison. After holding a hearing on January 25, 2019, Magistrate Judge Sison recommended that the Court grant the motion for summary judgment filed by defendant Dr. Stephen Ritz (Doc. 50) and deny the summary judgment motion filed by defendant Dr. Mohammed Siddiqui (Doc. 96). Both motions are based on the assertion that plaintiff Lloyd Saterfield failed to exhaust his administrative remedies. Dr. Siddiqui has objected to the Report to the extent it concerns him (Doc. 131), and Saterfield has responded to that objection (Doc. 135). Saterfield has also objected to the Report to the extent it concerns Dr. Ritz (Doc. 136), and Dr. Ritz has responded to that objection (Doc. 137).

This case arose because Saterfield suffers from ongoing back problems, and he is not happy with the medical treatment provided by Dr. Siddiqui, Dr. Ritz, and others.

**I.**     **Report Review Standard**

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P.

72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

## II. Dr. Ritz's Motion for Summary Judgment (Doc. 50)

Magistrate Judge Sison found in the Report that Saterfield filed a grievance on November 27, 2017, complaining about Dr. Ritz's September 7, 2017, request for collegial review, Wexford Health Sources Inc.'s ("Wexford") process to approve or deny a medical service requested by a prison doctor. The grievance officer denied the grievance as late because it was filed more than 60 days after September 7, 2017. Saterfield went through all the grievance steps thereafter, and the Administrative Review Board made the final denial of his grievance on January 19, 2018. Magistrate Judge Sison found that the continuing violation doctrine does not help Saterfield because that doctrine only excuses exhaustion for later events of a continuing violation as long as a timely grievance was filed after the beginning of the violation.

Saterfield objects to the Court's interpretation of the continuing violation doctrine. He argues that the doctrine allows reaching back to events before the filing of the grievance. He notes that his grievance makes clear that Dr. Ritz was one of his medical providers and that he continued to suffer from his medical problems, which is sufficient to exhaust as to Dr. Ritz.

As a preliminary matter, Magistrate Judge Sison misidentifies Dr. Ritz as a prison doctor who would have had appointments to examine, diagnose, and/or treat Saterfield. From the allegations in the grievance and complaint, however, it is clear that Dr. Ritz is not a prison doctor but a doctor working for Wexford Health Sources, Inc. as part of the collegial review process. Grievance 2 (Doc. 97-2 at 18); Am. Compl. ¶¶ 23 & 28. Thus, Dr. Ritz's involvement was not

2

as a treating physician but as a reviewing physician making discrete decisions on medical service requests from treating physicians. That distinction sheds a different light on the exhaustion question.

Saterfield's argument ignores the plain text of the administrative rule on grievances, which states, "A grievance must be filed with the counselor or Grievance Officer in accordance with the procedures in this Subpart, within *60 days after the discovery* of the incident, occurrence or problem that gives rise to the grievance." 20 Ill. Admin. Code § 504.810 (emphasis added). Thus, by the very terms of the administrative rule, in order to exhaust, Saterfield must have grieved Dr. Ritz's conduct *within 60 days* of when he discovered his health problem and Dr. Ritz's participation in it. This point in time is clear where Saterfield complains of a specific discrete instance by Dr. Ritz—the decision to deny a "medical special service" of an MRI. Grievance 2 (Doc. 97-2 at 18); Am. Compl. ¶¶ 23 & 28; *see Ramirez v. Young*, 906 F.3d 530, 539 (7th Cir. 2018) (noting that "many people assert that problems are ongoing, when the issue really stems from a discrete act that starts the clock running"). Saterfield did not file his grievance within 60 days of Dr. Ritz's discrete decision to deny a specifically requested diagnostic test, so the grievance was not timely.

The continuing violation doctrine does not save Saterfield's claim. The doctrine means that after Saterfield files a timely grievance about Dr. Ritz, he does not have to keep filing them for ongoing problems with Dr. Ritz, that is, ongoing deliberate indifference by Dr. Ritz to Saterfield's medical needs. *See Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) ("[O]nce a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement."). But it does not excuse Saterfield from filing a timely grievance to begin with, which he failed to do in this case concerning Dr. Ritz.

For this reason, after a *de novo* review, the Court will adopt the Report to the extent it recommends granting Dr. Ritz's motion for summary judgment on exhaustion grounds.

## III. Dr. Siddiqui's Motion for Summary Judgment (Doc. 96)

Magistrate Judge Sison found in the Report that Saterfield's November 27, 2017, grievance mentioned Dr. Siddiqui's November 6, 2017, request to the collegial review process for Saterfield to receive an MRI for his back problems. In the grievance, Saterfield also complained about his continuing back issues. Magistrate Judge Sison found that Saterfield had exhausted this grievance as to his claims against Dr. Siddiqui and was therefore able to maintain this lawsuit against him.

Dr. Siddiqui objects on three grounds. First, he claims Saterfield's grievance, although mentioning Dr. Siddiqui, did not complain of Dr. Siddiqui's treatment. Second, he claims Saterfield's grievance does not specifically complain of Dr. Siddiqui's failure to provide any treatment beyond pain medications. The Court disagrees and finds that a liberal reading of Saterfield's grievance contains an implicit complaint that his medical provider at the time—Dr. Siddiqui—was not providing appropriate care for his back treatment, whether it be through seeking approval for an MRI or providing effective medication. This is sufficient to have raised his claims against Dr. Siddiqui in the grievance.

Third, Dr. Siddiqui argues that the November 2017 grievance did not—and could not— have included complaints about Dr. Siddiqui's conduct in May 2018. However, the Court agrees with Magistrate Judge Sison that Saterfield's complaints about Dr. Siddiqui's treatment in May 2018 are part and parcel of the same alleged failure to adequately treat that began in 2017. Thus, Saterfield alleges a continuing Eighth Amendment violation for which it would be unreasonable for him to file a new grievance. *See Turley v. Rednour*, 729 F.3d 645, 651 (7th

4

Cir. 2013).

For this reason, after a *de novo* review, the Court will adopt the Report to the extent it recommends denying Dr. Siddiqui's motion for summary judgment on exhaustion grounds.

## IV. Conclusion

For the foregoing reasons, the Court:

- **ADOPTS** the Report as **MODIFIED** by this order (Doc. 124);

- **OVERRULES** Dr. Siddiqui's objections (Doc. 131);

- **OVERRULES** Saterfield's objections (Doc. 136);

- **GRANTS** Dr. Ritz's motion for summary judgment on exhaustion grounds (Doc. 50);

- **DENIES** Dr. Siddiqui's motion for summary judgment on exhaustion grounds (Doc. 96); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly at the close of the case.

**IT IS SO ORDERED.**
**DATED: November 4, 2019**

                                        s/ J. Phil Gilbert
                                        **J. PHIL GILBERT**
                                        **DISTRICT JUDGE**